was remanded for a determination of the amount owing to the male plaintiff.

The parties then stipulated: ". . .FIFTEEN THOUSAND TWO HUNDRED ONE AND 47/100 DOLLARS ($15,201.47) was the balance due on the Note from C. Woodrow Reese and wife, Pearle W. Reese, to F. F. Shores and wife, Mary Lee Shores, as of January 5, 1958, after applying cash payments made thereon by C. W. Reese, *et ux.*" Based on this stipulation the court entered judgment in favor of the male plaintiff for one-half the total debt, to-wit, $7,600.73. Defendant insurer excepted and appealed.

*O. L. Richardson and William G. Pittman for plaintiff, appellee.*
*Smith & Griffin for defendant, appellant.*

PER CURIAM. Appellant contends the judgment is erroneous because the court declined to credit the debt with the value of the land received as a result of the foreclosure. This was one of the questions considered and determined adversely to the insurer on the prior appeal. The word "extinguished," used in the concluding sentence of the opinion on the prior appeal, was used in the sense of payment in whole or in part.

That opinion is the law of the case. If deemed erroneous, the proper course to pursue was to petition for a rehearing, not to appeal again.

Affirmed.

---

### STATE v. NANNIE HELTON.

(Filed 23 November, 1960.)

APPEAL by defendant from *Crissman, J.,* May 1960 Special Term, CABARRUS Superior Court.

Prosecution upon a warrant charging the defendant with the possession for purpose of sale and selling taxpaid liquors. The attorney for the defendant and the solicitor for the State stipulated: "This case was properly before the Court, having been tried in the Cabarrus County Recorder's Court, and an appeal having been taken to the Cabarrus County Superior Court."

Deputy Sheriff Mullis, a witness for the State, testified in substance that he and another deputy drove to the rear of defendant's

house at 11:50 at night. He went to the back door, knocked, the defendant opened the door and, in response to his request to buy liquor, she invited him into the kitchen where she opened a cabinet containing several pints. He bought one pint of Bourbon Deluxe whisky for which he paid the defendant $3.50. The bottle of whisky was identified and offered in evidence.

The defendant's attorney, by cross-examination, sought to impeach the testimony of Deputy Mullis; whereupon the State called Deputy Sheriff Atwood who testified he went with Deputy Mullis to the house of the defendant on the night of August 1, 1959. Mullis went to the house and when he came out he had a bottle of whisky. The officer identified the bottle of whisky which had been previously introduced in evidence. The defendant, without offering evidence, made a motion to dismiss, which the court denied. From a verdict of guilty and judgment thereon, she appealed.

*T. W. Bruton, Attorney General, Harry W. McGalliard, Assistant Attorney General for the State.*
*Ann L. McKenzie for defendant, appellant.*

PER CURIAM. We have examined all assignments of error, in support of which the defendant has cited authority, or assigned reason or argument. We find them without merit. In the trial below, there is

No error.

---

STATE OF NORTH CAROLINA v. LEON M. KNIGHT.

(Filed 23 November, 1960.)

APPEAL from *Hobgood, J.,* August 1960 Term, of LEE.

This is a criminal action. The warrant charges that defendant, Leon M. Knight, on 16 May 1960 operated a motor vehicle on a public highway while under the influence of intoxicating liquor. From a verdict of guilty and judgment entered thereon in the County Criminal Court of Lee County defendant appealed to Superior Court.

In Superior Court there was a trial *de novo.* Plea: not guilty. Verdict: guilty. Judgment: prison sentence, suspended on conditions. Defendant appeals.